# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HECTOR IBARRA-ALATORRE,<br><br>　　　　Defendant. | Case No. 17-cr-00276-BAS<br>Case No. 19-cv-00505-BAS<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>**[ECF No. 40]** |

Presently before the Court is Defendant Hector Ibarra-Alatorre's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 40.) For the following reasons, the Court **DENIES** the Motion.

## I. UNDERLYING CRIMINAL CASE

On March 7, 2017, Mr. Ibarra-Alatorre pled guilty pursuant to a plea agreement to being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b). (ECF No. 14 ("Plea Agreement").)[1] The parties agreed

---

[1] Unless otherwise indicated, the electronic record references are to the criminal case, 17-cr-00276-BAS.

as part of the plea agreement that the calculation of the sentencing guidelines should include an enhancement for a felony conviction pre-deportation pursuant to U.S. Sentencing Guidelines § 2L1.2b2 and an enhancement for a felony conviction post-deportation pursuant to § 2L1.2b3. (Plea Agreement § XA.)

As part of the plea agreement, Mr. Ibarra agreed to waive any right to appeal or collaterally attack the conviction or sentence unless the Court sentenced him to more than the high end of the guideline range or he had a claim for ineffective assistance of counsel. (Plea Agreement § XI; ECF No. 42 ("Plea Colloquy") 7:14-19.)

At the time he pled guilty, the Court engaged in a Rule 11 colloquy with Mr. Ibarra after placing him under oath. (Plea Colloquy 2:11-11:6.) Mr. Ibarra told the Court directly that he wished to plead guilty. (*Id.* 2:25-3:6.) The Court told Mr. Ibarra about each of his constitutional rights, and Mr. Ibarra said he understood those rights. (*Id.* 3:8-4:5.) Mr. Ibarra then told the Court that he understood and agreed to give up those rights. (*Id.* 4:7-15.) The Court explained to Mr. Ibarra the elements the Government would have to prove if he chose to go to trial, and Mr. Ibarra stated he understood. (*Id.* 4:20-5:6.) The Court advised Mr. Ibarra of the maximum penalties he was facing, and he again stated he understood. (*Id.* 5:8-14.) Mr. Ibarra told the Court he had discussed the sentencing guidelines applicable to his case with his lawyer. (*Id.* 6:15-22.)

With respect to the plea agreement, Mr. Ibarra told the Court he had initialed every page of the plea agreement and that he had reviewed every page with his lawyer and understood the contents in its entirety. (Plea Colloquy 7:11-19.) He told the Court he had no questions about the plea agreement. (*Id.* 8:1-3.) Mr. Ibarra also said he was satisfied with the services of his lawyer. (*Id.* 7:23-25.) Ultimately, after engaging in this lengthy colloquy, seeing, and hearing the demeanor of Mr. Ibarra, the Court found Mr. Ibarra was entering into the guilty plea knowingly and voluntarily with a full understanding of the nature of the charge, his rights, and the

consequences of his guilty plea. (*Id.* 10:25-11:4.) At no time during the plea colloquy, despite being given numerous opportunities to do so, did Mr. Ibarra express that he did not understand what was happening or what the plea agreement entailed.

As laid out in the Presentence Report (ECF No. 19 ("PSR")), Mr. Ibarra had a fairly lengthy criminal record. He had numerous misdemeanor convictions that were not counted in his criminal history calculations including ones for DUI, drug possession, disturbing the peace, possession of stolen property, and possession of burglary tools. (PSR ¶¶ 22-25, 27-30.) Mr. Ibarra also had a 2003 conviction for two counts of possession of forged notes for which he received a two-year sentence, a 2004 felony burglary conviction for which he received a two-year sentence, a 2008 felony conviction for false claim to U.S. citizenship for which he received a 13-month sentence, and convictions for shoplifting and DUI. (PSR, Part B.) He also had pending charges from 2016 for using another's personal identifying information, possession of a stolen vehicle, vehicle theft, and filing a false instrument. (PSR ¶ 39.) These charges were pending because Mr. Ibarra had failed to appear for his readiness hearing and a bench warrant remained outstanding at the time of his sentencing. (*Id.*) Mr. Ibarra had been removed from the United States to Mexico in 2006, 2009, and 2010. (PSR ¶ 40.)

Prior to sentencing, Mr. Ibarra's counsel moved for a downward departure, arguing Mr. Ibarra's criminal history was overrepresented. (ECF No. 20; ECF No. 41 ("Sentencing Hearing") 5:20-6:1.) She told the Court that Mr. Ibarra had filed a petition to reduce his burglary felony conviction to a misdemeanor, and she pointed out that one of the two felony convictions for possession of forged notes had already been reduced to a misdemeanor. (*Id.*) She attached documents supporting her claims. (*Id.*)

At sentencing, the Court considered and rejected defense counsel's request for a downward departure, (Sentencing Hearing 7:19-8:2; 9:21-24), and sentenced Mr. Ibarra to 30 months in custody, (ECF No. 30). After he was sentenced, Mr. Ibarra

confirmed that, since the sentence did not exceed the high end of the guideline range recommended by the Government, he had waived his right to appeal. (Sentencing Hearing 11:5-9.) Judgment was entered on June 1, 2017. (ECF No. 30.)

Despite the appellate waiver, Mr. Ibarra filed a notice of appeal on August 17, 2017. (ECF No. 31.) Ultimately, this appeal was dismissed as untimely. (ECF No. 38.) The mandate with respect to this dismissal was spread on April 20, 2018. (ECF No. 39.)

## II. ANALYSIS

Mr. Ibarra's Motion is **DENIED**. First and most importantly, this Court lacks jurisdiction over the Motion. Additionally, even if the Court had jurisdiction over the Motion, it fails for three reasons. First, it is time barred. Second, Mr. Ibarra waived his right to appeal or collaterally attack his conviction and sentence as part of his plea agreement. And, third, his arguments are not supported factually by the record.

### A. Jurisdiction

Section 2255 is explicitly applicable only to a prisoner "in custody under sentence of a court." 28 U.S.C. § 2255(a). The "in custody" requirement is jurisdictional, and the Court lacks jurisdiction to consider a petition filed by an individual no longer in custody, on supervised release, or on probation. *United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014). "[O]ther courts have reasoned that the collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy the 'in custody' requirement . . . even when those consequences include detention by immigration authorities." *United States v. Krboyan*, No. CV-F-10-2016 OWW, CR-F-02-5438 OWW, 2010 WL 5477692, at *5 (E.D. Cal. Dec. 30, 2010) (citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992); *Adegbuji v. United States*, No. 03 CR 659(RPP), 2003 WL 21961122, at *2 (S.D.N.Y. Aug. 18, 2003)).

In this case, Mr. Ibarra was sentenced to 30 months in custody with no supervised release to follow. (ECF No. 30.) He did not sign the instant Motion. Instead, it is signed by Gloria Espinoza, who represents she is Mr. Ibarra's fiancée and his "legal Power of Attorney." She fails to attach any proof of this fact. She claims Mr. Ibarra is unable to sign because he is in immigration removal proceedings. Mr. Ibarra appears to have been released from Bureau of Prisons custody on March 14, 2019, the day before this Motion was filed on March 15, 2019. Thus, the Court lacks jurisdiction over the Motion.

### B. Time Barred

Under 28 U.S.C. § 2255(e), a motion to vacate must be filed within one year from the date the conviction becomes final. A conviction becomes final once the deadline for filing the notice of appeal has expired. *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). If an appeal is taken, then the statute of limitations runs from the date the Court of Appeals issues its mandate. *Clay v. United States,* 537 U.S. 522, 524 (2003).

This limitations period can be equitably tolled, but "[t]o be entitled to equitable tolling, a habeas petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Gilbert*, 807 F.3d at 1202 (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). "This is a very high threshold." *Id.*

In this case, Mr. Ibarra's conviction became final 14 days after entry of the judgment on June 1, that is June 15, 2017. This was his deadline for filing a notice of appeal. The fact that he filed a late notice of appeal several months later does not serve to extend the limitations period. The appeal was dismissed as untimely. Indeed, it would defeat the concept of a limitations period if a defendant was permitted to file a notice of appeal at any later date and thus achieve a renewal of his period to collaterally attack his conviction.

Mr. Ibarra argues that the limitations period should be equitably tolled because: (1) he received faulty advice from prison officials, which led to the late filing; (2) counsel advised him he could not appeal his earlier false statement conviction (part of the grounds for the appeal of his sentence in this case); (3) "[r]equest[s] were also delayed due to mail being forwarded to counsel and withheld for filing for times unable to tell"; and (4) researching relief by contacting attorneys and organizations "cause[d] a huge delay on request." (ECF No. 40, ¶ 40.) None of these proffered reasons excuses his failure to file the Motion in a timely fashion.

It is Mr. Ibarra's burden to show that he pursued his rights diligently and that extraordinary circumstances stood in his way. Faulty advice from prison officials or even his attorney is not enough to establish equitable tolling. *See Gilbert*, 807 F.3d at 1202 (counsel's incorrect advice as to the appropriate deadline does not warrant equitable tolling). It is unclear how mail forwarded to his attorney led to delays, and he fails to show that he continued to pursue his rights diligently. Hence, Mr. Ibarra's Motion is time barred.

**C.     Waiver**

Furthermore, to the extent Mr. Ibarra is attempting to collaterally attack his conviction or sentence, he waived his right to do so. *See United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (waiver of a right to appeal does not violate due process); *United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) ("[P]lea agreements are contractual in nature and are measured by contract law standards." (quotation omitted)).

Specifically, in the written plea agreement Mr. Ibarra waived "to the full extent of the law, any right to appeal or to collaterally attack the convictions . . . except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (Plea Agreement § XI.) And Mr. Ibarra agreed to waive "to the full extent of the law, any right to appeal or collaterally attack the sentence imposed." (*Id.*) Furthermore, Mr. Ibarra confirmed this agreement with the Court during the plea

colloquy and after sentencing. (Plea Colloquy 7:14-18; Sentencing Hearing 11:5-9.) Therefore, to the extent Mr. Ibarra is now arguing that he was denied a right to a hearing on the charges, that the Court should have waited until his state Proposition 47 claims were resolved before sentencing, or that the Court improperly considered his state convictions in sentencing him, these claims have been waived. The only issue that was preserved for collateral attack was a claim of ineffective assistance of counsel.

### D. Ineffective Assistance of Counsel

To the extent Mr. Ibarra is arguing that his attorney provided ineffective assistance of counsel, these claims are contradicted by the record.

"[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was ineffective." *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)). Even in a claim of ineffective assistance of counsel in a guilty plea, the defendant must meet the *Strickland* test; that is, he must show, first "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases" and, second, that he suffered actual prejudice because of this incompetence. *Lambert*, 393 F.3d at 979-80; *Lockhart*, 474 U.S. at 57-58.

"A deficient performance is one in which counsel made errors so serious that []he was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987). The Court should not view counsel's actions through "the distorting lens of hindsight." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989)), *vacated on*

*other grounds by Angelone v. Deutscher*, 500 U.S. 901 (1991). To satisfy the second "prejudice" prong in a guilty plea case, "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59.

In this case, Mr. Ibarra fails to meet either prong of the *Strickland* test. First, he fails to show that his attorney's performance was deficient. To the extent Mr. Ibarra argues his attorney failed to present the facts regarding reduction of his state court claims under Proposition 47 to the sentencing court, this is belied by the record. His attorney specifically presented documents showing that at least one prior felony conviction had been reduced to a misdemeanor and that Mr. Ibarra fully expected another state court petition for reduction to be granted. (ECF No. 20.) Mr. Ibarra's attorney asked the Court to find Mr. Ibarra's criminal history was overrepresented as a result, but the Court declined to do so.

Similarly, to the extent Mr. Ibarra argues that he had no idea who his attorney was, had not spoken to anyone about his case, or that his attorney ignored his claims that he did not understand the process or what was being offered, these claims are contradicted by Mr. Ibarra's statements made under oath to the Court at the plea colloquy. Mr. Ibarra told the Court he had discussed the sentencing guidelines applicable to his case with his lawyer. (Plea Colloquy 6:15-22.) With respect to the plea agreement, Mr. Ibarra told the Court he had initialed every page of the plea agreement and that he had reviewed every page with his lawyer and understood the agreement in its entirety. (*Id.* 7:11-19.) He told the Court he had no questions about the plea agreement. (*Id.* 8:1-3.) Mr. Ibarra also said he was satisfied with the services of his lawyer. (*Id.* 7:23-25.) These statements show that Mr. Ibarra's claims that he now did not know who his attorney was and had not spoken to her are not supported by the record.

Furthermore, Mr. Ibarra fails to show that he was prejudiced by his claims that he did not understand what was going on at the guilty plea stage. The Court carefully

explained to Mr. Ibarra all his rights, what he was doing, what he was waiving, and the consequences of his waiver. Mr. Ibarra told the Court he understood, wished to give up those rights, and plead guilty. He expressed no reservations or difficulty understanding the process or what was being offered. Therefore, even if his attorney had failed to explain his rights to Mr. Ibarra, the Court did so, and Mr. Ibarra informed the Court that he still wished to plead guilty. Because he fails to show that he would have gone to trial and would not have pled guilty, his claim of ineffective assistance of counsel must fail.

### III. CONCLUSION

Mr. Ibarra's Motion filed pursuant to 28 U.S.C. § 2255 is **DENIED** (ECF No. 40). Since Mr. Ibarra is no longer in custody under a sentence of this Court, the Court lacks jurisdiction to consider his Motion. Even if the Court had jurisdiction, the claims are time-barred. Finally, Mr. Ibarra waived his right to appeal or collaterally attack his conviction and sentence as part of his plea agreement, and he fails to establish that his counsel's representation was ineffective.

Further, the Court **DENIES** Mr. Ibarra a certificate of appealability, as he has not made a substantial showing that he has been denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

**IT IS SO ORDERED.**

DATED: May 7, 2019

Hon. Cynthia Bashant
United States District Judge